UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENARD B.,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, *Commissioner of Social Security*, <br><br> Defendant. | Case No.:  26-cv-2380-MMP <br><br> **ORDER:** <br><br> **1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND** <br><br> **2) SCREENING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2) AND § 1915(a)** <br><br> [ECF No. 4] |

On April 14, 2026, Denard B. ("Plaintiff") filed this Social Security appeal pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking judicial review of the decision of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's application for disability insurance and supplemental security income benefits. ECF No. 1,

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

1

¶ 1. Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis ("IFP"). ECF No. 4.[2]

## I.  MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[3] *See* 28 U.S.C. § 1914(a). "An action may proceed despite failure to pay the filing fees only if the party is granted IFP status" pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339 (citation modified). At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (citing *Brewster v. N. Am. Van Lines,*

---

[2] On April 14, 2026, Plaintiff filed a motion to proceed IFP, which he subsequently withdrew. ECF Nos. 2, 6. Plaintiff filed an amended motion to proceed IFP. ECF No. 4. The Court considers the amended motion.

[3] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

*Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)). The facts as to the affiant's poverty must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

Plaintiff has satisfied his burden of demonstrating he is entitled to IFP status. Plaintiff's amended motion to proceed IFP contains a sworn statement consisting of his income and assets. ECF. No. 4. According to his sworn statement, Plaintiff's average monthly household income is $4,000, made up entirely from Veteran's Affairs Disability. ECF. *Id.* ¶ 1. Plaintiff's average monthly household expenses are $4,190 consisting of $2,000 for rent payment, $180 for utilities, $300 for food, $560 for transportation, $400 for credit card payments, $500 for loan payments, and $250 for motor vehicle insurance. *Id.* ¶ 8. Plaintiff attests neither him nor his spouse have any retirement, public-assistance, or unemployment benefits. *Id.* ¶ 1. Plaintiff attests there is $0 in his checking account and $0 in his savings account. *Id.* ¶ 4. His only assets are one vehicle worth $8,000. *Id.* ¶ 5. Plaintiff does not have any dependents who rely on him for support, and no one owes him any money. *Id.* ¶¶ 6–7. Plaintiff does not anticipate major changes to his monthly income during the next twelve months. *Id.* ¶ 9. Plaintiff's sworn statement reflects his household monthly expenditures are equivalent to, and even slightly exceed, his monthly income.

The Court finds Plaintiff has sufficiently shown an inability to pay the initial filing fee without impairing his ability to provide himself with life's necessities. Thus, the Court **GRANTS** Plaintiff's amended motion for leave to proceed IFP.

**II.     SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2) AND § 1915(a)**

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory sua sponte screening by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) *overruled in part on other grounds as recognized by Moore v. Dunlap*, No. 24-2704, 2026 WL 184223, at *1 (9th Cir. Jan. 23, 2026); *Norris v. Kijakazi*, No. 23-cv-432-BLM, 2023 WL 2518870, at *2 (S.D. Cal. Mar. 13, 2023) (citations omitted). A complaint should be dismissed sua sponte if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a

defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126. Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Giselle N. v. Kijakazi*, 694 F. Supp. 3d 1193, 1195 (N.D. Cal. 2023).

Effective December 1, 2022, the Federal Rules of Civil Procedure were amended to include the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules"). The Supplemental Rules govern social security actions and "establish a simplified procedure that recognizes the essentially appellate character of actions that seek only review of an individual's claims on a single administrative record[.]" Fed. R. Civ. P. Supp. Soc. Sec. R., 2022 Advisory Committee Note.

Supplement Rule 2(b)(1) provides the complaint must:

(A) state that the action is brought under § 405(g);

(B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;

(C) state the name and the county of residence of the person for whom benefits are claimed;

(D) name the person on whose wage record benefits are claimed; and

(E) state the type of benefits claimed.

Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). "The elements of the claim for review are adequately pleaded under Rule 2(b)(1)(B), (C), (D), and (E)." *Id.*, 2022 Advisory Committee Note.

After reviewing Plaintiff's Complaint pursuant to its sua sponte screening, the Court finds Plaintiff has adequately pleaded the four elements. The Complaint reflects Plaintiff's claim is brought under 42 U.S.C. § 405(g); identifies the decision as a denial from the ALJ on March 19, 2026 that the Appeals Council denied further review; identifies Plaintiff by name and the last four digits of the social security number used in this case; states Plaintiff lives in Spring Valley, California, which is in San Diego County; and identifies the type of

26-cv-2380-MMP

benefits claimed as Social Security disability insurance and supplemental security income benefits. ECF No. 1 ¶¶ 1–4, 6. Plaintiff adequately pleads the elements required by Supplemental Rule 2(b)(1). Accordingly, the Court finds Plaintiff's Complaint sufficient to survive a § 1915(a) screening.

**IT IS SO ORDERED**.

Dated:  April 28, 2026

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge

26-cv-2380-MMP